UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW JAMES SCHAEFER,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 13-10105

HON. TERRENCE G. BERG
HON. MARK A. RANDON

**ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 19)**

      This matter is before the court on Magistrate Judge Mark A. Randon's January 8, 2014 Report and Recommendation (Dkt. 19), recommending that Defendant's Motion for Summary Judgment (Dkt. 17) be GRANTED, that Plaintiff's Motion for Summary Judgment (Dkt. 14) be DENIED, and that the findings of the Commissioner be AFFIRMED.

      The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d). Plaintiff filed timely objections to the Report and Recommendation (Dkt. 20); Defendant did not file any objections, nor did Defendant respond to Plaintiff's objections.

      The district court must make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive

further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Randon's Report and Recommendation and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## I. Analysis

Plaintiff has raised objections to two aspects of the Report and Recommendation: (1) the finding that the ALJ's Residual Functional Capacity ("RFC") assessment properly incorporated Plaintiff's moderate limitations in concentration, persistence, or pace[1] ("CPP"); and (2) the finding that the ALJ's RFC limitation of occasional contact with coworkers and the general public sufficiently accommodated Plaintiff's moderate limitations in social functioning.[2] Both Plaintiff and the Report and Recommendation acknowledge that there will necessarily be significant overlap in any discussion of these two issues, so they will be addressed together.

---

[1] "*Concentration, persistence, or pace* refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 CFR Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

[2] "*Social functioning* refers to your capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals. Social functioning includes the ability to get along with others, such as family members, friends, neighbors, grocery clerks, landlords, or bus drivers. You may demonstrate impaired social functioning by, for example, a history of altercations, evictions, firings, fear of strangers, avoidance of interpersonal relationships, or social isolation. You may exhibit strength in social functioning by such things as your ability to initiate social contacts with others, communicate clearly with others, or interact and actively participate in group activities. We also need to consider cooperative behaviors, consideration for others, awareness of others' feelings, and social maturity. Social functioning in work situations may involve interactions with the public, responding appropriately to persons in authority (e.g., supervisors), or cooperative behaviors involving coworkers." 20 CFR Pt. 404, Subpt. P, App. 1, § 12.00(C)(2).

When reviewing a final decision of the Commissioner pursuant to 42 U.S.C. §405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

In concluding that Plaintiff was not disabled, the ALJ relied upon the vocational expert ("VE") who testified in response to a hypothetical question which outlined the kinds of work the Plaintiff could perform according to the ALJ's Residual Functional Capacity ("RFC") assessment.[3] As correctly stated by

---

[3] The "Residual Functional Capacity assessment" is a determination of "the most you can still do despite your limitations," factoring in your "impairment(s), and any related symptoms, such as pain,

3

Magistrate Judge Randon, an ALJ may use a VE's testimony to establish the existence of other jobs a claimant is capable of performing so long as the testimony is "given in response to a hypothetical question that accurately describes the plaintiff in all significant, relevant respects." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994); *see also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) ("In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments."). Therefore, if the Court determines that the ALJ's RFC assessment was an accurate portrayal of Plaintiff that accounted for his mental impairments—i.e., his limitations in both CPP and social functioning—then the decision of the Commissioner must be affirmed.

Having reviewed the administrative record as a whole, the Court finds the following evidence highly relevant to the ALJ's mental RFC assessment. Robert Newhouse, M.D., opined that Plaintiff is moderately limited in both CPP and social functioning, but "retains the ability to do simple tasks on [a] sustained basis." (Dkt. 9, Tr. 344-46, 358). Michael Brady, Ph.D., opined that Plaintiff's "ability to relate

---

[that] may cause physical and mental limitations that affect what you can do in a work setting." 20 CFR § 416.945. In assessing the claimant's RFC, the ALJ found that Plaintiff could:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to lift and/or carry twenty pounds occasionally and ten pounds frequently primarily using the right upper extremity and using the left upper extremity for guiding purposes. He is able to stand and/or walk about six hours in an eight-hour workday and sit about six hours in an eight-hour workday. He has the ability to understand, remember, and carry out simple instructions and perform simple tasks with no production rate pace work, but rather goal-oriented work. The claimant must have no more than occasional interaction with the public or co-workers. (Dkt. 9, Tr. 32).

and interact with others, included coworkers and supervisors, is poor due to his pain...[but] Intellectually, his ability to understand, recall, and complete tasks and expectations is not impaired[, and while] His ability to maintain concentration is poor due to pain[,] His ability to withstand the normal stressors associated with a workplace setting is fair. (*Id*. at Tr. 463-66).[4] Ron Marshall, Ph.D., opined that Plaintiff "Retains [the] ability to do rote tasks within medical limitations[, and was] Able to follow instructions[, but] May work better with brief interactions with others[, and] May have difficulty with retaining complex instructions." (*Id*. at Tr. 101-04). Lastly, George Pestrue, Ph.D., opined that Plaintiff was markedly limited in both CPP and social functioning; however, many of the specific areas of marked limitation were noted as being the result of Plaintiff's pain. (*Id*. at Tr. 101-04).[5]

In light of the record as a whole, the Court finds that the ALJ's RFC is an accurate portrayal of Plaintiff in all significant respects, supported by substantial evidence. Consistent with Sixth Circuit precedent, the ALJ endeavored to "develop a complete and accurate assessment of [Plaintiff's] mental impairment, as *Varley* requires," and "The ALJ then translated [Plaintiff's] condition into the only concrete restrictions available to him…and duly incorporated them into his hypothetical to

---

[4] Although some aspects of Dr. Brady's opinion do support Plaintiff's position, the ALJ afforded limited weight Dr. Brady's opinion, noting that it was based in part upon the Plaintiff's subjective complaints of pain, which the ALJ found to be less than credible. (*Id*. at Tr. 34-36, 39). This is an implicit credibility determination which the Court may not disturb absent a compelling reason; Plaintiff has failed to offer any such reason in this case. *See Varley v. Sec'y of HHS,* 820 F.2d 777, 780 (6th Cir.1987).

[5] As with the opinion of Dr. Brady, the ALJ afforded Dr. Pestrue's opinion little weight, as it was based in large part upon the effect of Plaintiff's reported physical ailments, and because Plaintiff's subjective claims of pain appeared inconsistent with Plaintiff's testimony regarding his daily activities. Again, the ALJ's determination as to the weight assigned to Dr. Pestrue's opinion contains an implicit credibility determination that will not be disturbed.

the vocational expert." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The nonexertional limitations[6] the ALJ included in the RFC, namely that Plaintiff "be limited to simple tasks with no production rate pace work, but rather goal-oriented work," and that he "must have no more than occasional interaction with the public or co-workers," adequately account for Plaintiff's moderate impairments. As noted by Magistrate Judge Randon, Plaintiff gives no reason why the restriction to goal-oriented work fails to sufficiently address his moderate impairments in CPP. Reviewing Plaintiff's arguments, they appear to address "persistence" not as one facet of "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings," 20 CFR Pt. 404, Subpt. P, App. 1, § 12.00(C)(3), but rather as the ability to "persist" in maintaining employment; i.e., the ability to get along with coworkers and supervisors sufficiently well so as to avoid involuntary termination. However, Plaintiff has offered absolutely no case law in support of this interpretation of "persistence."[7] Moreover, Plaintiff similarly fails to offer any reason why the restriction of "no more than occasional interaction with the public or co-workers" fails to sufficiently address his moderate impairments in both "persistence" (even as he understands the term) and social functioning. The closest that Plaintiff comes to offering an argument against either of the ALJ's nonexertional limitations is the

---

[6] Nonexertional limitations are defined as those "imposed by your impairment(s) and related symptoms, such as pain, affect[ing] only your ability to meet the demands of jobs other than the strength demands." 20 CFR § 416.969a.
[7] Furthermore, to apply such a definition to persistence would essentially merge CPP and social functioning into one category of potential mental impairment. *See* n. 1-2, *supra*; 20 CFR Pt. 404, Subpt. P, App. 1, § 12.00(C)(2) & (3).

6

following rhetorical question, repeated in various forms throughout his objection: 'How could Plaintiff possibly hope to remain employed if 20-30% of his time spent at work consists of interpersonal difficulties?' But it is entirely unclear why the ALJ's limitation requiring Plaintiff to have no *more than occasional interaction* with other persons fails to address this concern. Further, to answer Plaintiff's question, if Plaintiff were to obtain employment that allowed him to avoid interpersonal contact for 70-80% of his day, the opportunities to become involved in interpersonal difficulties during the remaining 20-30% of his day would be considerably reduced, such that it would not be unreasonable to expect that Plaintiff could indeed "hope to remain employed."

The ALJ posed a hypothetical which offered a "complete and accurate assessment" of Plaintiff's mental impairments. *Felisky,* 35 F.3d at 1036 (6th Cir. 1994). Consequently, the Commissioner's conclusion that the Plaintiff is not disabled is supported by substantial evidence and must be affirmed.

## II.    Conclusion

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and Magistrate Judge Randon's Report and Recommendation of January 8, 2014 (Dkt. 19) is **ACCEPTED** and **ADOPTED**.

Accordingly, Defendant's Motion for Summary Judgment (Dkt. 17) is **GRANTED**, Plaintiff's Motion for Summary Judgment (Dkt. 14) is **DENIED**, and the decision of the Commissioner, as authored by Administrative Law Judge Tammy A. Thames, is **AFFIRMED**.

    **SO ORDERED**.


Dated: February 13, 2014                    s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on February 13, 2014, using the CM/ECF system, which will send notification to all parties.

                                                s/A. Chubb
                                                Case Manager